# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAFENG HAN,<br><br>                           Petitioner,<br><br>v.<br><br>JOHN RATHMAN, Warden of the Imperial Regional Detention Facility, et. al.,<br><br>                           Respondents. | Case No.: 26-cv-1239-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Yafeng Han, a citizen of China, entered the United States on November 7, 2023, and was taken into custody by the Department of Homeland Security ("DHS") shortly thereafter. ECF No. 1 ¶¶ 14, 25. After determining he was not a flight risk or a danger to the community, Petitioner was released under supervision pursuant to 8 C.F.R. § 212.5. *Id*. Petitioner complied with all conditions of his release, including periodically reporting to Immigration and Customs Enforcement ("ICE"). *Id*. ¶¶ 25, 26. While on release, Petitioner filed an asylum application through an immigration attorney and obtained employment authorization. *Id*. ¶¶ 27. Petitioner was detained when he reported to ICE on November 11, 2025, and was taken to Imperial Regional Adult Detention Facility. *Id*.

On February 26, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a motion for a temporary restraining order. ECF Nos. 1, 2. This Court set a briefing schedule and issued a limited stay on February 27, 2026. ECF No. 4. Respondents filed a return to the amended petition on March 6, 2026. ECF No. 5. On March 9, 2026, Petitioner filed a traverse. ECF No. 6.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his re-arrest and re-detention without a pre-arrest hearing, before a neutral decisionmaker, violated his right to due process. ECF No. 1 ¶¶ 38-47. Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Under applicable regulations, parole[1] is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Petitioner contends, and Respondents do not dispute that Petitioner was provided no individualized determination, and no opportunity

---

[1] Generally, "release on recognizance" during immigration proceedings, is "conditional parole." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

1  to be heard before he was detained.  The Court finds Petitioner's revocation of his release
2  and detention violates his due process rights.
3        Accordingly, the Court GRANTS the petition for a writ of habeas corpus.
4  Respondents shall immediately release Petitioner under the previously determined
5  conditions.  Respondents are enjoined from re-detaining Petitioner without complying with
6  8 C.F.R. § 212.5 and due process.  Petitioner's request for attorneys' fees and costs is
7  DENIED without prejudice to Petitioner filing an appropriate application for fees.
8  Petitioner's motion for a temporary restraining order is DENIED as moot.  The Clerk of
9  Court shall close this matter.
10        **IT IS SO ORDERED**.
11  Dated:  March 11, 2026

*[Signature]*

Honorable Benjamin J. Cheeks
United States District Judge